MATTHEW P. FARLEY, RESPONDENT. v. JOSEPH MIKULSKY AND MARGIANA MIKULSKY, APPELLANTS.

Submitted October 28, 1924—Decided January 19, 1925.

1. A landlord who lets out portions of a building to several tenants, and retains in his possession a cellar stairway which is used in common by several tenants, is bound to use reasonable care to keep said stairway in safe condition for use by such tenants.
2. Where the record on appeal fails to show any objection to the ruling of the trial court in excluding a question put to a wit-

ness, the alleged error will not be considered by the appellate court.

3. Where the question asked a witness on cross-examination presents a twofold aspect, to contradict a previous witness and to inject into the trial a collateral matter which had no bearing on the issue being tried, it was rightfully excluded by the trial court.

On appeal from the Supreme Court, whose *per curiam* is reported in 2 *N. J. Mis. R.* 512.

For the appellants, *Davis & Hastings (Frank W. Hastings, Jr.,* of counsel).

For the respondent, *Joseph Siegler.*

The opinion of the court was delivered by

KALISCH, J.   The respondent brought his action against the appellants in the Hudson County Circuit Court to recover compensation for injuries sustained by him, as a result of falling down the cellar steps of an apartment-house in which he was a tenant, and of which the appellants were the owners and lessors, and which cellar steps it was alleged the lessors had negligently permitted to be and remain in a defective and unsafe condition. A jury found a verdict in favor of the respondent against the appellants, and judgment having been entered thereon, the appellants appealed to the Supreme Court, which tribunal affirmed the judgment, which is now brought here for review.

There was a motion for a nonsuit, which was denied.

It is first urged, as a ground for a reversal, that the trial judge erred in refusing to grant a nonsuit, since "there was no evidence sufficient to charge defendants with any duty owed to plaintiff as alleged."

An examination of the record discloses that there was testimony to the effect that the cellar stairway, leading from the first floor of the apartment-house to the cellar was out of repair and in an unsafe condition; that this fact was communicated to the landlord and he promised to make the

necessary repair; that the stairway was used in common by the tenants of the first and second floors; that the respondent received his injury fifteen days after he became a tenant of the second floor and on the first occasion that he used the stairway.

In *Siggins* v. *McGill*, 72 *N. J. L.* 263, this court laid down the legal rule, as follows: "Where a landlord lets out portions of a building to several tenants, retaining in his own possession or control the passageways and stairways for the common use of the tenants and those having occasions to visit them, he is under the responsibility of a general owner of land who holds out an invitation to enter upon and use his property, and is bound to see that reasonable care is exercised to have the passageways and stairways reasonably fit and safe for such use." This rule received unqualified recognition in *Perry* v. *Levy*, 87 *Id.* 670. The motion for a nonsuit was properly refused.

The next point made and relied on in the brief of appellants is, that the trial judge erred in excluding a question, on cross-examination, put to the witness Spiegel: "And you had talked to Mr. O'Malley prior to his sale to Mikulsky about purchasing it?" The record fails to show that there was any objections made to the ruling of the court, and, hence, the matter is not properly before us for consideration. *Kargman* v. *Carlo*, 85 *N. J. L.* 632; *Miller* v. *Delaware River Transporation Co.*, 85 *Id.* 700.

It is further urged that the trial judge erred in overruling the following questions put to the witness O'Malley, on his direct examination, by counsel of appellants: "*Q.* Didn't Mr. Spiegel, before you sold the property to Mr. Mikulsky, have any negotiations with you with regard to its purchase himself?" "After you sold the property to Mr. Mikulsky, Mr. O'Malley, did Mr. Spiegel express to you his feelings with regard to your sale of the property to Mikulsky?"

As to the first question put, it appears by the record that the objection made by counsel of respondent to the question was overruled. Counsel of appellants then said to the court, "I would like my objection noted." In this confused state of

the record the legal propriety of the question put to the witness is not clearly presented.

As to the second question, above stated, the record shows that, after objection was made to it by appellants' counsel, the witness answered in the affirmative, and then, after that, the trial judge said: "Objection sustained."

Assuming, however, that the legal propriety of the ruling of the trial judge excluding the question is before us, it is to be observed that the proposed inquiry presented a two-fold aspect, either to contradict what Spiegel had said regarding the state of his feelings toward the appellants to O'Malley in a conversation had with the latter, which hardly could have been the purpose of counsel since Spiegel admitted that he was unfriendly to Mikulsky, or to inject into the trial of the cause collateral matter, which had no bearing on the issue between the parties.

Counsel of appellants appears to have been content with Spiegel's admission of unfriendliness, for the cross-examination of the witness on that topic was pursued no further. The contention of appellants' counsel, that he was entitled to show collaterally, by affirmative proof, to what extent the hostility of the witness Spiegel went, is not only destitute of authority in this state, but, equally, destitute of merit.

The judgment of the Supreme Court, affirming the judgment of Hudson County Circuit Court, is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, TRENCHARD, PARKER, KALISCH, KATZENBACH, CAMPBELL, LLOYD, GARDNER, VAN BUSKIRK, CLARK, McGLENNON, KAYS—12.

*For reversal*—None.